Judge Robertson,
delivered the opinion of the Court.
John Todd and William Lindsey, sued out a writ of error coram vobis, to quash a fieri facias which had issued against them, in favor of the heirs of Thomas M‘Clanahan deceased, for $2,698 83 cents.
Four errors were assigned. The court quashed the execution; and in its opinion, stated that the first error assigned, (which was, that the execution issued for two much) was the only one which was sustainable, and that therefore the quashal was for that error alone.
Todd and Lindsey, have prosecuted a writ of error to this court, to reverse this judgment in their favor, on their own motion! And they obtained a supersede-as, by the order of Rezin Davidge. They now insist, that the court erred in not quashing on some other ground, than that assumed in its opinion.
The revising court will not permit a party, to call in question, a judgment in his favour in its consequences, coextensive with the end sought to bo -attained.
We had not supposed, that a party would ever be allowed to call in question, in the revising court, a judgment in his favor, rendered at his instance, and effecting every object which he sought, or had a right to attain. The aim of the writ of error, coram vobis, was to quash the execution. It was quashed. What more was desired, or expected? The court could have done no more. It was asked to do no more. If the court had forborne to assign any reasons for its opinion, land it was certainly not bound to give any reasons) no objection would have been made or could be made, by the plaintiffs to its judgment, It could not then have been obnoxious to criticism. It is sometimes prudentto abstain fromargument, in supportofan opinion. And it often happens, that wrong reasons are given for a right opinion. Such may be the case here. We know thatthereason is wrong. Butwe donotknow that the judgment is right. For excess in the execution, the court ought to have corrected, but-not quashed it. The appellees have not complained; and therefore yye have not felt inclined to do more than our duty, by examining questions which are not judicially presented. We are not required to decide, whether the 2d 3d and 4th errors assigned in the circuit court, or either of them, would be sufficient for quashing the exe» cution.
The plaintiffs succeeded.' They ought to have been satisfied with gaining their point, although they may have been baffled in the argument. We are not allowed to give them any extra judicial opinion for a future contingency that may arise. If the court erred in quashing the execution on the motion of the plaintiffs, we have no authority to reverse the judgment at their instance. And should we do so, the consequence would be singular; and not in the slightest degree beneficial to them. It might deprive them of the advantage which they now possess. At best we could only direct the circuit judge, either to make a better argur merit or none at all. We doubt our power to enforce such instruction. And we certainly feel no inclination to exert i t if we possessed it.'
If the court had given other and better reasons for its opinion, M’Clanahan’s heirs would not have been *357 inhibited from issuing another execution. It will be time enough when they shall issue another execution, to urge the other errors. No decision of them before, could have any effect on any subsequent writ.
Talbot, for plaintiff; Crittenden, for defendant.
If a previous execution for the same debt, had been satisfied, that which was quashed, ought to have been quashed, for that, if there were no other reason for it. If the judgmcnton which it issued, had been reversed, it ought, for that reason, to have been quashed. But the record does not enable us to ascertain either fact certainly, even if we could judicially decide on them. And it is immaterial in this case to the plain-) tiffs, how the facts may be. They succeeded below, and therefore must fail here, the other party not complaining.
We must therefore affirm the judgment of the circuit court, with costs against the plaintiffs, but without damages, because, as Mr. Davidge had no authority to supersede the judgment, his order was inoperative.